UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIARCLIFF MANOR UNION FREE SCHOOL DISTRICT,

*Plaintiff*,

v.

NATHAN HELTZEL,

*Defendant*.

No. 25-CV-3031 (KMK)

OPINION & ORDER

Appearances:

Mark Rushfield, Esq.
Shaw Perelson, LLP
Poughkeepsie, NY
*Counsel for Plaintiff*

Christopher Brandon Pavlacka, Esq.
Donald J. Feerick, Jr. Esq.
Feerick Nugent MacCartney PLLC
South Nyack, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

Briarcliff Manor Union Free School District ("Plaintiff") brought this Action in the New York State Supreme Court, County of Westchester against Nathan Heltzel ("Defendant"), a tenured school guidance counselor, in state court seeking $70,055.19 paid in wages, health insurance coverage contributions, and dental benefit insurance coverage contributions for Defendant from September 30, 2021 through November 12, 2021, and June 16, 2022, through November 30, 2022, when Defendant allegedly placed himself on voluntary military leave. (Not. of Removal, Ex. A ("Compl") ¶¶ 1, 10 (Dkt. No. 1-1).) Plaintiff asserted claims for fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment under New

York law. (*Id.* ¶¶ 15–24.) The Action was then removed to federal court by Defendant. (See Not. of Removal (Dkt. No. 1).) Before the Court is Defendant's Motion to Dismiss (the "Motion"). (Mot. to Dismiss ("Mot.") (Dkt. No. 10).) For the reasons that follow, Defendant's Motion to Dismiss is granted in part and denied in part.

## I. Background

### A. Factual Background

"'When considering a motion to dismiss, the Court's review is confined to the pleadings themselves,' because 'to go beyond the allegations in the Complaint would convert the Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 56.'" *Watson v. New York*, No. 22-CV-9613, 2023 WL 6200979, at *1 (S.D.N.Y. Sept. 22, 2023) (alterations adopted) (quoting *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002)). "Nevertheless, the Court's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken," is proper without "convert[ing] the motion to dismiss into one for summary judgment," *id.* (quoting *Thomas*, 232 F. Supp. 2d at 275); *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may "consider the complaint in its entirety . . . , documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (internal quotation marks and citation omitted)), as is the Court's reliance on "documents either in [the] plaintiff['s] possession or of which [the] plaintiff[ ] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted).

Both Parties have placed a number of documents before the Court and introduced new factual allegations in their memoranda of law. As to the documents, they are generally irrelevant

and not properly before the Court on a Motion to Dismiss.[1] And as to the factual allegations first raised in their Memoranda of Law, it is improper for the Court to consider them. *See Romano v. Schachter Portnoy, L.L.C.*, No. 17-CV-1014, 2017 WL 2804930, at *3 (E.D.N.Y. June 28, 2017) ("[P]arties cannot amend their pleadings by including new factual allegations in an opposition brief to a motion to dismiss."); *Ginsberg v. Gov't Props. Tr., Inc.*, No. 07-CV-365, 2007 WL 2981683, at *16 (S.D.N.Y. Oct. 11, 2007) ("This Court cannot consider factual allegations made solely in memoranda of law.").

Accordingly, the following facts are drawn from Plaintiff's Complaint. The facts taken from the Complaint are taken as true for the purposes of resolving the instant Motion. *See 1-800 Contacts, Inc. v. JAND, Inc.*, 119 F.4th 234, 246 (2d Cir. 2024). In this account, the Court does

---

[1] As explained further in note 2, *infra*, at this juncture there is no need for the Court to consider the documents Defendant has filed regarding disciplinary charges underlying the instant Action. (Def.'s Mem. of L. in Supp. of Mot. to Dismiss ("Def.'s Mem.") 4 n.2 (Dkt. No. 12).) As to the Collective Bargaining Agreements ("CBAs") Defendant filed in support of his Motion, (*see* Decl. of Donald J. Feerick, Jr., Esq., Exs. B–C (Dkt. Nos. 11-2, 11-3)), "[t]he Second Circuit has made clear that it is inappropriate for a court to consider a CBA in evaluating a motion to dismiss claims not dependent on the CBA and where no facts about the CBA are alleged in a plaintiff's complaint." *Wang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-840, 2023 WL 4421699, at *4 (S.D.N.Y. July 7, 2023) (quotation marks omitted). As Plaintiff's theory of the case is that Defendant was obligated to notify it under the Uniformed Service Employment and Reemployment Rights Act pursuant to the terms of the CBA, (*see* Pl.'s Mem. of L. in Opp'n ("Pl.'s Opp'n") 10 (Dkt. No. 17)), the Complaint makes no reference to the CBA, (*see generally* Compl.), and the Complaint does not depend upon the CBA, the Court is not at liberty to rely on the CBAs in deciding this Motion. As to the online form Plaintiff has filed in support of its Opposition, reliance on this form would likewise be improper for the same reason as the CBA. (*See* Aff. of Laura Neier, Ex. 1 (Dkt. No. 15-1).) Accompanying his Reply, Defendant files a number of records of his past work attendance, earlier periods of military leave, and communication with the district about military leave in 2023, (*see* Aff. of Nathan Heltzel in Supp. of Mot. to Dismiss, Exs. A–F (Dkt. Nos. 19-1, 19-2, 19-3, 19-4, 19-5, and 19-6), these materials are wholly irrelevant to the Court's disposition of the Motion to Dismiss, and the Court will not consider them.

not include Plaintiff's allegations that amount to no more than conclusions of law. *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021).

On or around March 12, 2020, Plaintiff brought disciplinary charges against Defendant pursuant to New York Education Law § 3020-a.[2] (Compl. ¶ 9.) Plaintiff sought Defendant's termination from Plaintiff's employment. (*Id.*) It suspended Defendant with pay and benefits while the § 3020-a proceedings were ongoing. (*Id.*)

During Defendant's period of suspension, he completed periods of service pursuant to his role as a member of the Coast Guard reserves. (*Id.* ¶ 10.) Specifically, he served from March 9, 2020, to March 13, 2020; September 20, 2020 to September 26, 2020; March 22, 2021 through March 26, 2021; September 1, 2021 through September 29, 2021; September 30, 2021 through November 12, 2021; May 16, 2022 through June 15, 2022 and June 16, 2022 through November 30, 2022.[3] (*Id.*) Plaintiff takes the position that the Uniformed Service Employment and Reemployment Rights Act ("USERRA") required Defendant to notify Plaintiff, as his employer, that he would be taking leave for military service, but that he did not do so.[4] (*Id.* ¶¶ 10–11.)

---

[2] The circumstances and resolution of these charges, which have no bearing on the pending Motion, are described in the Court's Order denying a preliminary injunction in this Action. *See Briarcliff Manor Union Free Sch. Dist. v. Heltzel*, No. 25-CV-3031, 2026 WL 2294989 (S.D.N.Y. Aug. 7, 2026). As mentioned above, because these underlying circumstances are irrelevant to the Motion, the Court need not take judicial notice of various documents Defendant filed evidencing those circumstances, as Defendant's brief requests in passing. (Def.'s Mem. at 4 n.2.)

[3] Plaintiff alleges that Defendant completed voluntary service during these time periods. (Compl. ¶¶ 11, 13–14.) In response, Defendant argues that there is no such thing as voluntary leave. (Def.'s Reply Mem. of L. ("Reply") 7 (Dkt. No. 18).) Putting to the side that this dispute appears to be one of fact not properly resolved on a Motion to Dismiss, it is essentially irrelevant to the arguments described herein.

[4] The pertinent portion of USERRA provides that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter

Accordingly, Defendant was maintained by Plaintiff in suspension with pay while the § 3020-a proceedings continued. (*Id.* ¶ 11.) Around November 30, 2022, Plaintiff learned that Defendant was carrying out military service and therefore ceased providing his earnings and benefits effective December 1, 2022. (*Id.*) Citing New York Military Law § 242, Plaintiff says that if Defendant had properly reported his service, his paid suspension status would have been terminated from September 30, 2021 through November 12, 2021 and June 16, 2022 through November 30, 2022. (*Id.* ¶¶ 12–13.) However, because the service was not reported, Plaintiff continued to pay Defendant and provide his benefits. (*See id.* ¶¶ 10–11.)

B. Procedural Background

On February 18, 2025, Plaintiff filed suit against Defendant in the Supreme Court of the State of New York, County of Westchester. (Compl. 1.) The state court complaint sought $70,055.19 in monetary damages, as well as interest. (*Id.* 7; Compl. ¶ 1.) Plaintiff asserted claims for fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment under New York law. (*Id.* ¶¶ 15–24.) On April 11, 2025, Defendant removed this Action to this Court. (Not. of Removal.) In his Notice of Removal, Defendant relied on 28 U.S. §§ 1331 and 1441(b) to establish this Court's jurisdiction. (Not. of Removal 1.) He argued that removal was proper because Plaintiff's claims "necessarily raise significant federal law issues under" USSERA. (*Id.* ¶ 6.) Specifically, Defendant argued that because the claim was premised on his purported violation of his reporting obligations under USERRA, a federal statute, a federal question was actually raised and disputed. (*Id.* ¶¶ 20–21.)

---

if," among other requirements, "the person . . . has given advance written or verbal notice of such service to [the] person's employer." 38 U.S.C. § 4312(a).

After the removed Action was assigned to this Court (*see* Dkt.), Defendant filed a pre-motion letter seeking leave to file the instant Motion. (*See* Letter from Donald J. Feerick, Jr., Esq. to Court (May 2, 2025) (Dkt. No. 3).) At a telephonic conference on July 17, 2025, the Court set a briefing schedule on Defendant's Motion to Dismiss. (*See* Dkt. (minute entry for proceedings held on July 17, 2025).) Defendant filed his Motion to Dismiss and Memorandum of Law in support thereof on September 30, 2025. (*See* Mot; Def.'s Mem.)[5] Plaintiff filed its Memorandum in opposition on November 11, 2025, (*see* Mem. of Law in Opp'n (Dkt. No. 16)), and an amended copy thereof on November 12, 2025, (*see* Pl.'s Opp'n). Defendant filed his reply Memorandum on November 17, 2025. (*See* Reply.)

In the interim, Defendant sought leave to file and moved for a preliminary injunction alleging certain other acts by the Plaintiff that, he said, violated USERRA. *See Briarcliff Manor Union Free Sch. Dist.*, 2026 WL 2294989. The Court denied this Motion on August 7, 2026. *Id.*

## II. Discussion

### A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of

---

[5] Defendant's Motion was styled in the alternative as a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* Mot.) As the Motion was filed prior to Defendant answering the Complaint, it is a Motion to Dismiss rather than one made for judgment on the pleadings. *See Butnick v. Experian Info. Sols., Inc.*, No. 20-CV-1631, 2021 WL 395808, at *2 n.4 (E.D.N.Y. Feb. 4, 2021) (explaining the operative distinction between the two motion types as whether the motion was filed before or after an answer was interposed).

Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [her] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). As described above, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents

appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

Where a defendant moves to dismiss for failure to state a claim based on an affirmative defense, the Court "may grant" the motion "only when facts supporting the defense appear on the face of the complaint" and "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *In Re: Nine W. LBO Sec. Litig.*, 87 F.4th 130, 142–43 (2d Cir. 2023).

B. Analysis

1. USERRA

Defendant moves to dismiss on the basis that Plaintiff's attempt to recoup lost wages is itself an USERRA violation. (Def.'s Mem. 2.) The argument goes as follows: teachers suspended pursuant to Section 3020-a of the Education Law are entitled to wages and benefits during their period of suspension. (*Id.*) By suing for back pay, in Defendant's view, Plaintiff is violating USERRA because the recoupment of back pay "treats [Defendant] differently from other teachers" who are similarly situated—presumably, though Plaintiff does not spell this out, because those teachers, when placed on suspension pursuant to Section 3020-a, nevertheless receive their wages and benefits. (*Id.* at 3.)

The Court will assume, for the purposes of deciding this Motion, that the general equitable principle "ex turpi causa" cited by Defendant can effectively form the basis of an

affirmative defense properly raised on a Motion to Dismiss.[6] *Cf. Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 590 (S.D.N.Y. 2011) (explaining that the court would entertain a motion to dismiss based on claim preclusion, although that doctrine "is normally raised as an affirmative defense," because dismissal pursuant to Rule 12(b)(6) "is appropriate when . . . it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law" (quotation marks omitted)); *see also Sachdev v. Singh*, No. 15-CV-7114, 2016 WL 768861, at *9 (S.D.N.Y. Feb. 26, 2016) (same as to statute of limitations defense). Accordingly, the Court will assume only for the purposes of deciding this Motion that Defendant is correct that, if Plaintiff's attempt to collect wages and benefits necessarily violates USERRA, the Complaint should be dismissed.

USERRA prohibits discrimination based on a person's military status. *See Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 174 (2d Cir. 2011). "The purpose of USERRA is to encourage military service 'by eliminating or minimizing the disadvantages to civilian careers'

---

[6] The Court notes some skepticism on this point, however. While Defendant lauds this doctrine's lineage, (Def.'s Mem. 9), it appears to be cited almost exclusively in cases applying foreign law from common law jurisdictions, *In re Fairfield Sentry Ltd.*, 596 B.R. 275, 297–98 (Bankr. S.D.N.Y. 2018) (discussing the doctrine while analyzing English and British Virgin Islands law); *In re AlphaStar Ins. Grp. Ltd.*, 383 B.R. 231, 274 (Bankr. S.D.N.Y. 2008) (explaining, while applying Bermuda law, that "[i]f the allegations establish *ex turpi causa* as a matter of law, the claim may be dismissed at the pleading stage"), and the Court has been unable to find a decision of recent vintage granting a Motion to Dismiss while relying on the principle as part of an affirmative defense under United States law. To the extent that Defendant references cases discussing the principle in a context other than foreign law, they primarily discuss contracts that "violat[e] the laws of morality," and describe the phrase as a "maxim" embodying the principle that "there can be no legal remedy for that which is itself illegal," *Bank of United States. v. Owens*, 27 U.S. 527, 539 (1829), or explain the maxim as the basis for certain other legal rules, *see Ewell v. Daggs*, 108 U.S. 143, 412 (1883) (quoting the phrase in a discussion of an English case involving contracts); *In re Demesyeux*, 978 N.Y.S.2d 608, 731–32 (Sur. Ct. 2013) (describing the maxim as the basis for the principle that a person cannot inherit from the estate of an individual that they murdered).

. . . ." *Id.* (quoting 38 U.S.C. § 4301(a)). In particular, USERRA protects members of the uniformed services, including those who are military reserves, *see Mock v. City of Rome*, 910 F. Supp. 2d 429, 430–31 (N.D.N.Y. 2012), from discrimination on the basis of their military service, and provides, in relevant part, that:

> [a] person who is a member of, . . . has performed, . . . or has an obligation to perform service in a uniformed service shall not be denied . . . retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, . . . performance of service, . . . or obligation[.]

38 U.S.C. § 4311(a). It further provides, that

> [a]n employer shall be considered to have engaged in actions prohibited . . . if the person's membership . . . or obligation of service . . . is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership . . . or obligation for service . . . .

38 U.S.C. § 4311(c)(1). To state a discrimination claim under USERRA, a servicemember must allege sufficient facts to establish "a prima facie case of discrimination by showing . . . that his protected status was 'a substantial or motivating factor in the adverse [employment] action.'" *Gummo v. Village of Depew*, 75 F.3d 98, 106 (2d Cir. 1996) (quoting *NLRB v. Transp. Mgmt. Corp.*, 462 U.S. 393, 401 (1983)); *see also id.* (noting that Congress explicitly adopted "the scheme of burden-of-proof allocations approved by the Supreme Court in" *Transp. Mgmt.*, 462 U.S. 393 at 401).

"A motivating factor . . . is not necessarily the sole cause of the action, but rather it is one of the factors that 'a truthful employer would list if asked for the reasons for its decision.'" *Fink v. City of New York*, 129 F. Supp. 2d 511, 520 (E.D.N.Y. 2001) (quoting *Sanguinetti v. United Parcel Serv., Inc.*, 114 F. Supp. 2d 1313, 1318 (S.D. Fla. 2000)) (collecting cases from other districts) (internal quotation marks omitted). It is something that "the [employer] relied on, took into account, considered, or conditioned its decision on that consideration." *Id.* (citing *Robinson*

*v. Morris Moore Chevrolet–Buick, Inc.*, 974 F. Supp. 571, 576 (E.D. Tex. 1997)). It "may be proven through direct or circumstantial evidence." *Woodard v. N.Y. Health & Hosps. Corp.*, 554 F. Supp. 2d 329, 348 (E.D.N.Y. 2008).

To find in favor of Defendant and dismiss, it would essentially need to be the case that, on the facts alleged, it was *necessarily* discriminatory under USERRA for Plaintiff to withhold pay from Defendant during his periods of military leave. This, the Court cannot do as a matter of law. It may have been permissible for Defendant to remain on unpaid leave, for instance, if an individual in Defendant's situation who took some "other kind[] of generally provided leave" would also, under Plaintiff's policies, have been suspended without pay, because these types of facts would suggest that the purported discrimination did not occur *based on* Defendant's protected status. *Won v. Amazon.com, Inc.*, No. 21-CV-2867, 2022 WL 3576738, at *10 (E.D.N.Y. Aug. 19, 2022). Or it may have been permissible if an employee who was placed on suspension with pay but, due to other circumstances, was unable to be physically present at the subject school would have been placed on unpaid leave. *Myers v. Camden Cent. Sch. Dist.*, No. 10-CV-1167, 2012 WL 2921574, at *10–11 (N.D.N.Y. July 17, 2012) (rejecting argument that the plaintiff was entitled to be placed on paid leave pending the resolution of New York Education Law § 3020-a proceedings where that plaintiff "was assigned to work at a location and *then* chose to engage in conduct that legally prevented him from reporting to that location"). Nor are there any facts alleged here that would support a finding of discrimination, such as "that a tenured employee on FMLA leave who was subject[ed] to . . . suspension under Education Law [§] 3020-was suspended or permitted to remain on suspension with pay as opposed to . . . remain[ing] on the previously granted FMLA leave . . . ." (Pl.'s Opp'n 14.) As Plaintiff compellingly argues, it cannot be concluded, as a matter of law, on the facts alleged, that "the

District has treated other similarly situated employees to the Defendant unequally or disparately from Defendant as regards to employee non-military leaves vis-a-vis tenured employees subjected to Education Law section 3020-a proceedings." (*Id.*) These are all issues that depend on proof of facts, which cannot be evaluated on a Motion to Dismiss and without the benefit of a fully developed record. *See In re Fairfield Sentry Ltd.*, 627 B.R. 546, 554 (Bankr. S.D.N.Y. 2021) ("Where discovery is needed to fully develop the merits of both parties' claims and defenses, dismissal is not appropriate at the motion to dismiss stage."); *Rojas v. Triborough Bridge & Tunnel Auth.*, No. 18-CV-1433, 2020 WL 1910471, at *2 (S.D.N.Y. Apr. 17, 2020) ("The ultimate merits of a plaintiff's claim will likely involve fact-intensive issues . . . . It will also involve evidence of whether defendants [took the allegedly unlawful action] with a[n impermissible] purpose . . . or with a [permissible one] . . . . A more developed factual record is needed to decide these issues, which are not properly resolved on a motion to dismiss."). In other words, it is not "clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law" due to the maxim *ex turpi causa*. *In re Nine West LBO Sec. Litig.*, 87 F.4th at 142–43.

This reasoning applies with equal force to Defendant's argument that Plaintiff's unjust enrichment claim must be denied on the basis of unclean hands. (*See* Def.'s Mem. 16–17.) That claim survives the Motion for the same reasons.

2. Pay During Periods of Suspension under New York Law

The Court also notes that, insofar as Defendant claims that he is necessarily entitled to pay during a period of suspension pursuant to § 3020-a, (Def.'s Mem. 2), the matter is at least a touch more complicated than he claims. The very cases cited by Defendant, (*id.* at 2–3), reveal that a teacher, "though suspended, continues to be an employee of the school district and as such

is entitled to all the benefits of that employment, unless those rights are otherwise limited by statute," as a tenured teacher's compensation cannot be taken away without authorization, *Gross v. Bd. of Educ. of Elmsford Union Free Sch. Dist.*, 574 N.E.2d 438, 440 (N.Y. 1991) (characterizing *Matter of Hawley v. S. Orangetown Cent. Sch. Dist.*, 492 N.E.2d 391 (N.Y. 1986)). However, those cases involved the inapplicability of the common law duty to mitigate damages, including expressly stating that the basis for the rule was "a natural consequence of the relationship between the parties because a teacher could not be expected or compelled to seek substitute employment while still employed by the school district during the period of suspension." *Id.* In other words, these cases appeared to contemplate the exact opposite of the principle that Defendant invokes—they recognize that an individual on leave could *not* be expected to obtain new employment (and thus mitigate damages), because that individual would either be reassigned within the school system to a "nonteaching assignment," "consistent with the dignity of the profession," *Hawley*, 492 N.E.2d at 392, or maintained in a state of suspension with pay but available to perform such work, *see Myers*, 2012 WL 2921574, at *10–11.[7] *See also* N.Y. Educ. Law § 3020-a(2)(b) ("The employee <u>may</u> be suspended pending a hearing on the

---

[7] This caselaw might also explain Plaintiff's position—decried by Defendant in a footnote—that "had Dr. Heltzel been engaged in some other outside employment, like tutoring, it would not have taken any employment action." (Def.'s Mem. 12 n.5.) Tutoring traditionally takes place outside traditional school hours, to accommodate needs of the students, and to the extent that Defendant's periods of military service were full time during school hours (a fact that cannot be determined on a Motion to Dismiss), he would not have been available should the District have decided to provide him with a nonteaching assignment, and therefore at least arguably not entitled to pay while on § 3020-a suspension. Indeed, Defendant admits that such a difficulty occurred when "Plaintiff ordered [him] to return to work starting on December 1, 2022" after the conclusion of the disciplinary proceedings, and "[u]pon being reinstated, [Defendant] informed the School District that he had a conflict due to active-duty military orders" such that he could not return to work at the school until January 31, 2023. (Def.'s Mem. 6.)

charges and the final determination thereof. The suspension shall be with pay [absent certain exceptions.]" (emphasis added)); *McElroy v. Bd. of Educ. of Bellmore-Merrick Cent. High Sch. Dist.*, 783 N.Y.S.2d 781, 784 (Sup. Ct. 2004) (collecting cases holding that reassignment to non-teaching duties during disciplinary proceedings is permissible under New York law). Defendant admits that he could have been assigned to such a role at any time during his military leave. (*See* Def.'s Mem. 4 ("New York Education Law permitted Plaintiff to assign [Defendant] to a nonteaching assignment during his suspension . . . . Instead, Plaintiff assigned *no* duties to [Defendant], told him to stay home, and revoked his access to the School District's digital systems . . . ."); *id.* at 5 ("Defendant remained suspended with pay, and without the School District assigning [Defendant] any non-teaching assignment, despite its right to do so.").) So it is at least plausible that Plaintiff was not required to provide Defendant with back pay during a period of suspension if, it turns out, he had made himself unavailable for potential reassignment. *See Adlerstein v. Bd. of Educ. of City of New York*, 474 N.E.2d 209, 214 (N.Y. 1984) (affirming denial of request for back pay when teachers failed to report to new assignments during period of suspension from duty pending disciplinary proceeding).

3. New York Labor Law § 193

Defendant argues that the Complaint must be dismissed on the additional grounds that New York law, and specifically New York Labor Law § 193, prohibits an employer from seeking to recover back wages; the only remedy available to the employer is termination. (Def.'s Mem. at 2–3, 10–11.) But neither the text of that statute nor the case law interpreting it suggests that it has any purchase here.

New York Labor Law § 193 provides that "[n]o employer shall make any deduction from the wages of an employee, except deductions which[]" are either "made in accordance with the

provisions of any law . . . issued by any governmental agency," or "are expressly authorized in writing by the employee and are for the benefit of the employee," subject to certain additional conditions. N.Y. Lab. Law § 193. While it is true that this statute occasionally applies to attempts to recover from an employee, it does not sweep as broadly as Defendant claims—as revealed by the cases he cites. In *Gortat v. Capala Bros.*, 585 F. Supp. 2d 372 (E.D.N.Y. 2008), for instance, the court held that employers cannot make *deductions* from employee wages except as required by law or authorized by the employee, including a prohibition on negligence claims or claims for "lost profits caused by poor performance," as these claims are "treated as" "examples of attempted wage deduction . . . to prevent employers from circumventing" the statute's protections. *Id.* at 375–76; *see also Hudacs v. Frito-Lay, Inc.*, 683 N.E.2d 322, 324–25 (N.Y. 1997) (same); *Claim of La France*, 569 N.Y.S.2d 505, 506 (App. Div. 1991) (explaining that Section 193 forbids deductions based on an employee's negligence). At least on a Motion to Dismiss, there is no reason to think that the claims asserted here are impermissible attempts to circumvent the strictures of New York Labor Law § 193.

Further, Plaintiff argues that New York Labor Law § 193 does not apply to governmental agencies, citing New York Labor Law § 190(3), which defines the term "employer" as used in, *inter alia*, § 193, to exclude "a governmental agency." (*See* Pl.'s Opp'n 17.) Defendant does not address this argument in reply, (*see generally* Reply), and the Court has been unable to find a case treating a public school district (as opposed to, say, a board of education) as "a governmental agency" within the meaning of the New York Labor Law, *see Gear v. Dep't of Educ.,* No. 07-CV-11102, 2010 WL 5297850, at *4 (S.D.N.Y. Dec. 21, 2010) (explaining, under substantively identical provisions of the FLSA that exclude "'political subdivisions' of the state from their scope," that the New York City Department of Education did not qualify as an

"employer"), *aff'd,* 472 F. App'x 67 (2d Cir. 2012). Accordingly, the Court will not, at this juncture, adopt the argument that Plaintiff is not an "employer" within the meaning of New York Labor Law § 190(3), and declines to reach the issue.

4. Fraudulent Misrepresentation/Concealment

"Under New York law, a claim for fraudulent concealment requires a plaintiff to establish '(1) that the defendant had a duty to disclose certain material information but failed to do so; (2) that the defendant then made a material misrepresentation of fact; (3) that said misrepresentation was made intentionally in order to defraud or mislead; (4) that the plaintiff reasonably relied on said misrepresentation; and (5) that the plaintiff suffered damage as a result.'" *Clark v. N.Y.C. Hous. Auth.*, No. 20-CV-251, 2022 WL 4229386, at *7 (S.D.N.Y. Sept. 14, 2022) (quoting *Oxbow Calcining USA Inc. v. Am. Indus. Partners*, 948 N.Y.S.2d 24, 30 (App. Div. 2012)).

Defendant challenges whether the second element, that Defendant "made a material misrepresentation of fact," has been adequately alleged. (Def.'s Mem. 15.) He claims that there could not have been any "material omission of fact" because there was no possibility of conflict between his paid leave from his job with Plaintiff and the work he was carrying out on behalf of the Coast Guard while posted at his home. (*Id.*) In essence, he says—relying on the benefit of hindsight and the knowledge that he was never assigned non-teaching work—he had no duty to report his military service because the service could not conflict with his "work" (remaining on paid leave at home) on behalf of Plaintiff. (*Id.*) But Defendant's argument ignores that, as described above, Plaintiff would have been entitled at any time to assign him to non-teaching work during his period of suspension and that, at least some cases suggest, it may be appropriate for a school to withhold pay if a teacher is unavailable for such reassignment during a suspension period. *See Myers*, 2012 WL 2921574, at *10–11. It is at least plausible, on the facts alleged

here, that Defendant's voluntary military service rendered him "absen[t] from a position of employment" within the meaning of USERRA if, for instance, his periods of service would have precluded him from working for Plaintiff if Plaintiff had exercised its option to assign him non-teaching work, such as if he was performing tasks for the Coast Guard through the duration of the workday from which he could not have left to work for Plaintiff. *See* 38 U.S.C. § 4312(a).

5. Negligent Misrepresentation/Concealment

To state a claim for negligent misrepresentation under New York law, a plaintiff must show that: "(1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012) (quotation marks omitted).

In his Memorandum of Law, Defendant argues that Plaintiff failed to allege the a duty to give correct information resulting from "a special relationship." (Def.'s Mem. 16.) Plaintiff does not address this argument in its opposition brief. (*See* Pl.'s Opp'n.) Accordingly, the claim is deemed abandoned and should be dismissed. *E.g.*, *Scott v. YSB Servs. Inc.*, No. 21-CV-7711, 2024 WL 1330043, at *7 (S.D.N.Y. Mar. 28, 2024) (treating claim as abandoned where the plaintiff failed to "defend [the] claim . . . in her opposition"); *Kraft v. City of New York*, 696 F. Supp. 2d 403, 425 (S.D.N.Y. 2010) ("In his opposition, [the] plaintiff does not address any of these claims, and they are therefore deemed abandoned."), *aff'd*, 441 F. App'x 24 (2d Cir. 2011) (summary order).

III. Conclusion

For the reasons set forth above, the Motion to Dismiss is granted insofar as it seeks dismissal of Plaintiff's claim for negligent misrepresentation or concealment, but otherwise is denied. As Plaintiff abandoned the negligent misrepresentation claim, the dismissal is with prejudice. *See Jennings v. Hunt Cos., Inc.*, 367 F. Supp. 3d 66, 69–70 (S.D.N.Y. 2019) ("[T]he Court considers these claims abandoned and dismisses them with prejudice."); *Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of Am., NA*, 907 F. Supp. 2d 536, 544 n.8 (S.D.N.Y. 2012) (deeming a claim abandoned and dismissing it with prejudice). The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 10.

SO ORDERED.

Dated: September 29, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge